1. HOMICIDE ⟐═141(3) — ASSAULT WITH IN-
TENT TO MURDER—INDICTMENT.

An indictment, alleging that defendant made an assault upon I. J. with intent to kill the said I. J., sufficiently charged assault with intent to murder, although the word "murder" was not used.

2. CRIMINAL LAW ⟐═1090(8), 1120(4)—MAT-
TERS REVIEWABLE—RECORD.

Where there is no evidence in the record and no bill of exceptions reserved in a prosecution for assault with intent to murder, the appellate court cannot review the proposition that the verdict of the jury was contrary to law and the evidence, in that the court erred in permitting a witness to state that defendant, previous to the assault, had cut his wife.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Kirven Johnson was convicted of assault with intent to murder, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of assault with intent to murder, his punishment being assessed at two years' confinement in the penitentiary. He attacks the indictment upon the theory that it does not charge the offense of assault with intent to commit murder. Omitting formal parts and dates, the indictment alleges that appellant "did then and there unlawfully, with his malice aforethought make and commit an assault in and upon Isabella Johnson with the intent then and there to kill the said Isabella Johnson against the peace and dignity of the state."

[1] Two grounds are urged: First that it charges no offense against the laws of the state, there being no such offense as an assault with intent to kill in the law of Texas; and, second, that nowhere in the indictment is the word "murder" found or named. We are of opinion that the indictment is sufficient. The identical form as here set out has been approved in Lyons v. State, 9 Tex. App. 636, Smith v. State, 31 Tex. Cr. R. 34, 19 S. W. 546, and Jackson v. State, 48 Tex. Cr. R. 650, 90 S. W. 34. For a great number of other cases listed by Mr. Branch, with analogous reasoning and sustaining these authorities, see his Ann. P. C. § 2059. These authorities all hold that where the indictment charges that the accused with malice aforethought made an assault with intent to kill, it sufficiently charges an assault with intent to murder. It is not necessary in such

indictment to charge the intent to kill and murder. The indictment, we think, is sufficient, and the court did not err in overruling the motion to quash.

[2] The record is before us without a statement of facts or bills of exception. The motion for new trial was based upon the proposition that the verdict of the jury is contrary to the law and the evidence, and that the court erred in permitting the witness, over objection of appellant, to state that defendant cut his wife about June 19, 1917, and this prejudiced the minds of the jury against the defendant. This is only stated as a ground of the motion. There is no evidence in the record, nor was a bill of exceptions reserved to this alleged error.

As the record is presented, the judgment will be affirmed.

## ROACH v. STATE. (No. 5250.)

(Court of Criminal Appeals of Texas. Jan. 22, 1919.)

1. CRIMINAL LAW ⟐═829(4)—INSTRUCTIONS
—HOMICIDE.

In a homicide case, assumption in special charge as to interference by deceased in an attempted reconciliation between defendant and his wife held not warranted, further than as submitted in the main charge.

2. HOMICIDE ⟐═339—HARMLESS ERROR—EX-
CLUSION OF EVIDENCE.

In a homicide case, where defendant claimed that deceased had interfered to prevent a reconciliation between defendant and his wife, refusal of the court to allow defendant to prove by a witness that in his observation of the relations between defendant and his wife they appeared pleasant was not reversible error, where it was undisputed that defendant did have a difficulty with his wife and had left her.

3. CRIMINAL LAW ⟐═1092(16)—BILLS OF EX-
CEPTION—FILING.

Bills of exception, not filed by the clerk of the trial court, will not be reviewed.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

D. E. Roach was convicted of murder, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The conviction is for murder, and punishment fixed at confinement in the penitentiary for a period of 40 years.

The evidence discloses that appellant, a young man about 21 years of age had separated from his wife to whom he had been married about 5 months. His wife was living at the home of deceased, Garner. Appellant,

⟐═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

before the separation, had, according to the evidence, entered a plea of guilty upon a charge of whipping his wife. He was desirous of a reconciliation with her, and on the evening before the homicide next morning had gone to the residence of the deceased and requested him to hand the photograph of appellant to his wife; that deceased had declined to do so, and appellant claims to have been under the impression, from the conduct of deceased in this respect and some others, that the deceased's intentions towards the appellant's wife were not good.

On the occasion of the homicide the appellant had been hired to work on the farm of a man whose place adjoined that of Garner, the deceased, and on the morning after he was employed he went to Garner's field, where the latter and several women, including the appellant's wife and a young man, were at work. He claims that his purpose was to talk with his wife, and if possible bring about a reconciliation, and that when he spoke to his wife the deceased made a demonstration, attempting to draw his pistol, which he had in his hip pocket wrapped in a handkerchief, and that, believing his life in danger from this demonstration, he fired and killed deceased, shooting a number of times.

The state's theory was that, while deceased was armed with his pistol, he made no demonstration prior to the shooting, and that appellant's act in shooting him was entirely unprovoked.

The court submitted to the jury the issues of murder, manslaughter, and self-defense, embodying the principles of both real and apparent danger, in a manner to which we think no substantial objection could be made, and to which no objection was made. The appellant, however, requested some special charges touching the issue of apparent danger, the refusal of which, we think, in view of the fact that the matter embodied therein was sufficiently covered in the main charge, was not erroneous.

[1] There are some complaints made of the language used by the district attorney in his argument, which complaints, as presented, in our opinion, present no error authorizing a reversal of the case. Nothing is embodied in the bills showing an abuse of the privilege of argument. One of the special charges requested and refused sought an application of the evidence to appellant's theory that the deceased was instrumental in preventing a reconciliation between the appellant and his wife. We think the court was not in error in refusing the charge, for the reason it did not accurately present the appellant's theory and was calculated to interpolate matters that did not arise from the evidence. The appellant's theory and testimony was that, immediately upon his arriving at the place of the homicide, he said, "Good morning;" that his wife said, "Well how come you way over here?" to which he replied, "I came over to talk to you for a while, if possible; if not, perhaps to talk to the whole crowd, to you all." He testified:

"When I said that, deceased was standing leaning on his hoe handle. Just as my wife spoke, he removed his hand from the hoe handle, and then, before I said my last word, he started to his pocket, his right hip pocket, and drew out his gun."

The court, in its main charge on the issues of manslaughter and self-defense, gave the appellant the full benefit of the issues of fact growing out of his testimony, and his was the only testimony raising the issues. The charge, the refusal of which is in question, after telling the jury that appellant had a right to seek a conversation with his wife, says:

"And while he was pursuing said investigation, if the deceased interfered or in any way attempted to prevent him from seeing his wife, and that while defendant was making such effort to see his wife the deceased interfered, and that such interference brought on the occasion that resulted in the defendant killing the deceased, and that the acts above referred to on the part of the deceased brought about the necessity for such killing, and that the defendant acted in his own self-defense as that term is defined to you in the general charge in killing the deceased, you will find the defendant not guilty."

If the special charge had been in accord with the evidence, it would have been proper for the court to have told the jury that the appellant had a right to seek an interview and reconciliation with his wife; but the assumption in the charge that there was some interference on the part of deceased, we think, is not warranted further than that submitted to the jury in the main charge, that if deceased made a demonstration, or if, viewing it from his standpoint, defendant so believed, his action thereon was justifiable.

[2] One of appellant's bills complains of the refusal of the court to allow him to prove by the witness Duncan that in his observation of the relations between appellant and his wife they appeared pleasant. The court, in his qualification of this bill, states that at the time the evidence was offered its relevancy did not appear from the evidence, and that in sustaining the objection he stated that he would do so for the present, and that it was not subsequently offered. As explained, we are of the opinion that there is no error shown, granting the admissibility of the evidence. The time inquired about is not accurately referred to, and it is undisputed that the appellant did have a difficulty with his wife and afterwards quit her. That their relations may have been pleasant at other times, while doubtless an admissible circumstance in appellant's favor, its exclu-

sion under the circumstances is not, we think, reversible error.

[3] We will add that as the record comes here it does not appear that any of the bills of exception were filed by the district clerk. This is possibly an oversight in the preparation of the transcript, and for that reason we have reviewed the bills. If, as a matter of fact, they were not filed, the point made by the state that they should not be considered is well taken.

Finding no reversible error in the record, it is ordered that the judgment of the district court be affirmed.